**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| AKIL JAHI, formerly known as Preston Carter,<br><br>Petitioner,<br><br>v.<br><br>TONY MAYS and KENNETH NELSEN, Warden,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:14-cv-02791-TLP-tmp |

## ORDER DENYING MOTION TO RECONSIDER

Petitioner Akil Jahi moved for reconsideration of the Court's April 13, 2026, Order lifting the stay in this case. (ECF Nos. 70–71.) The Warden responded, opposing Petitioner's Motion for Reconsideration of Order Lifting Stay (ECF No. 73), and Petitioner replied (ECF No. 79-1).

Petitioner relies on Local Rule 7.3, Federal Rule of Civil Procedure 54(b), and the Court's inherent authority to modify its own orders to request reconsideration of the Court's order lifting the stay. (*See* ECF No. 71.) Petitioner asserts that the Court lifted the stay because it concluded that Petitioner's state court appeal would be futile. (ECF No. 71-1 at PageID 15076.) He asserts that the Court's conclusion reflects "a misapprehension of the issues that Mr. Jahi intends to raise on appeal." (*Id.* at PageID 150676, 15081.) Petitioner declares that he plans to argue on appeal that: (1) the Tennessee Court of Criminal Appeals' decision in *Black v. State*, No. M2022-00423-CCA-R3-PD, 2023 WL 3843397 (Tenn. Crim. App. June 6, 2023), does not apply to Petitioner's intellectual disability claim; and (2) Tenn. Code Ann. § 39-13-203(g)(2)

violates his equal protection and due process rights.[1] (*Id.* at PageID 15076–77, 15082–84.)

Petitioner asserts that these grounds for appeal, which he had not expressed before, amount to an "intervening fact warranting reconsideration" under Local Rule 7.3(b)(2). (*Id.* at PageID 15077.) Petitioner argues that, *if* he is successful on appeal, he "will *almost* certainly be adjudicated intellectually disabled" under Tenn. Code Ann. § 39-13-203. (*Id.* at PageID 15084 (emphasis added).) He also claims that the state court's ruling on appeal would bear on Claim A of his federal habeas petition, as well as other claims. (*Id.* at PageID 15085.) Petitioner argues that, in the interests of judicial economy, the Court should reinstate the stay and allow him to fully appeal the dismissal of his intellectual disability petition. (*Id.*; *see* ECF No. 79-1 at PageID 15899.)

The Warden counters that Petitioner has "turned over every stone in state court under which relief may lie" and has failed to obtain relief on his conviction for the murders of Thomas and Tenisha Jackson, more than thirty years ago. (*See* ECF No. 73 at PageID 15092–93.) The Warden also contends that Local Rule 7.3(b) does not permit the Petitioner's motion because the "fact" of his arguments on appeal is not a new fact warranting revision of the Court's order. (*Id.* at PageID 15095.) The Warden next argues that a party cannot introduce evidence in a reconsideration motion that could have been presented earlier and that Petitioner's "umbrage with the Court's appraisal of the appeal's merit" is the type of re-argument that is prohibited. (*Id.* at PageID 15095–96.) And the Warden notes that the record shows the Tennessee courts addressed Petitioner's claims here, so this Court was aware of Petitioner's arguments. As the

[1] An appeal was filed on March 26, 2026. *See Akil Jahi aka Preston Carter v. State of Tennessee*, W2026-00447-CCA-R3-PD (Tenn. Crim. App. Mar. 26, 2026), Tennessee Courts, *Appellate Case Search,* https://pch.tncourts.gov/ (last accessed August 26, 2026). Petitioner has not yet filed an appellate brief.

Warden points out, the state trial court addressed the argument that *Black* is an unpublished decision distinguishable from Petitioner's case. (*see* ECF No. 68-1 at PageID 15067–68.) And the Tennessee Court of Criminal Appeals ("TCCA") in *Black*, 2023 WL 3843397 at *11-13, addressed the arguments that the statute violated due process and equal protection. (*Id.* at PageID 15096–97.) The Warden argues that the Court correctly lifted the stay for many reasons. For example, he argues that in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court said that district courts must place a reasonable time limit on Petitioner's state court proceedings and that Petitioner has not shown good cause for relitigating his intellectual disability claim. (*Id.* at PageID 15098–15100.) The Warden also claims that Petitioner's claim is not potentially meritorious. (*Id.*) Finally, the Warden argues that Petitioner is engaging in intentionally dilatory litigation tactics without showing "any eagerness for the Court to consider the merits of his claims." (*Id.*)

## ANALYSIS

Local Rule 7.3(b) allows for a "motion for revision" of an interlocutory order with the following showing.

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

Petitioner claims that his intended grounds for appeal amount to an intervening fact warranting reconsideration of the Court's order lifting the stay. Petitioner informed the Court of his intention to appeal two months before the Court's order lifting the stay. (ECF No. 69.) In that status report, Petitioner did not state his grounds for appeal or address the stay.

For the reasons below, the Court finds that Petitioner's intended grounds for appeal are not material to the Court's determination of whether this case should be stayed and that his motion does not comply with Local Rule 7.3(b).

In *Rhines*, 544 U.S. at 271–72, the Supreme Court held that district courts have "discretion to stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *See McBride v. Skipper*, 76 F.4th 509, 513 (6th Cir. 2023). Stay and abeyance is limited to those circumstances where: (1) there is "good cause for the petitioner's failure to exhaust his claims first in state court"; (2) the unexhausted claims are not "plainly meritless"; *and* (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* (internal quotation marks omitted).

Without question, Petitioner's intellectual disability claim has been exhausted in the state courts and adjudicated on the merits. *See Jahi v. State*, No. W2011-02669-CCA-R3PD, 2014 WL 1004502, at *105-11 (Tenn. Crim. App. Mar. 13, 2014). In 2024, the Tennessee Legislature enacted Tenn Code Ann. § 39-13-203(g)(1) to allow "a defendant who has been sentenced to the death penalty prior to April 28, 2023 and whose conviction is final on direct review [to] petition the trial court for a determination of whether the defendant is intellectually disabled. . . ." Under Tenn. Code Ann. § 39-13-203(g)(2), "[a] defendant shall not file a motion under subdivision (g)(1) if the issue of whether the defendant has an intellectual disability has been previously adjudicated on the merits."

This new statute allowed defendants who had procedurally defaulted an intellectual

disability claim to seek state court review.[2] Consistent with the statute, the TCCA concluded that the plain language of § 39-13-203(g)(2) "applies to bar any motion for a hearing when the issue of a defendant's 'intellectual disability' has been previously adjudicated on its merits." *See Black*, 2023 WL 3843397, at *7.

Even though Petitioner's intellectual disability claim had been adjudicated on the merits, he sought review under the new statute, despite the limitations in § 39-13-203(g)(2). Still, Petitioner argues that he has "never received a constitutionally-compliant adjudication of his intellectual disability claim" without the application of a bright-line IQ requirement as required by *Hall v. Florida*, 572 U.S. 701 (2014). (*See* ECF No. 71-1 at PageID 15082.) But to exhaust state remedies, Petitioner need not receive a "constitutionally-compliant" adjudication from the state courts. Remember, the very purpose of federal habeas review is to determine whether the petitioner is "in custody in violation of the Constitution", *see* 28 U.S.C. § 2254(a), and to correct constitutional errors that "undermine[s] confidence in the fairness of the state adjudication." *See Williams v. Taylor*, 529 U.S. 362, 375 (2000).

Petitioner exhausted his claim in state court, and he does not fit the statutory requirements under § 39-13-203(g) for further state court review. Because Petitioner already exhausted his intellectual disability claim, he cannot establish the first two prongs for stay and abeyance under *Rhines*.

Although an appeal appears to be futile based on the statute and *Black* (*see* ECF No. 70 at PageID 15072), Petitioner asks the Court to stay the case in the interest of judicial economy until completion of the appeal. Whether or not the request for stay is an intentional delay tactic,

[2] The statute expanded the class of defendants who were eligible for state court review of an intellectual disability claim.

further delay is not in the interests of justice and does not promote the principles of finality and comity. *See Young v. Westbrooks*, 702 F. App'x 255, 259 (6th Cir. 2017) ("Habeas courts . . . are guided by statutory and judicially created doctrines that seek to promote principles of finality and comity"). A federal court "may never needlessly prolong a habeas case, particularly given the essential need to promote the finality of state convictions." *See Shoop v. Twyford*, 596 U.S. 811, 820 (2022) (quoting *Shinn v. Martinez-Ramirez*, 596 U.S. 366, 390 (2022)).

The Court therefore **DENIES** Petitioner's Motion to Reconsider.

**SO ORDERED**, this 8th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE